# CARTER LEDYARD MILBURN

**Gary D. Sesser**
Partner
sesser@clm.com

**SO ORDERED:**

**HON. VERNON S. BRODERICK**
**UNITED STATES DISTRICT JUDGE**

By October 10, 2024, Plaintiff is directed to respond to
Defendants' request for a stay.

Dated:  September 26, 2024

September 24, 2024

**Via ECF**
Honorable Vernon S. Broderick
Southern District of New York
40 Foley Square
New York, New York  10007

>       Re:  National Specialty Insurance Company v. James Gang
>            Charters, LLC and Jesse Mayer
>            **Case No.:  1:24-cv-03625-VSB**

Your Honor:

We represent Defendants James Gang Charters, LLC ("James Charters") and Jesse Mayer ("Mayer") (collectively "Defendants") in this case. We respectfully request that the Court stay this case pending the appeal of Mayer's criminal conviction pending in Florida.  A stay would be in the interest of judicial economy and no party would be prejudiced.

Plaintiff National Specialty Insurance Company ("National") filed this declaratory judgment action to deny Defendants' insurance coverage relating to a boating accident and the death of a jet skier.  Plaintiff relies, in large part, on a policy exclusion relating to criminal activity.  Defendants request a stay pending resolution of Mayer's appeal of his criminal conviction.

Defendant Mayer is an experienced charter U.S. Coast Guard licensed captain, and owns, through James Charters, a 37' Freeman Vessel (which, importantly, has a blue wrap[1]).  On August 20, 2019, Mayer and his friends spent the afternoon on Vessel near Pinellas County, Florida. In the afternoon, they went to a restaurant which has a dock where they had lunch. The group left the restaurant around 3:40 p.m., so that Mayer could pick up his nine-year-old daughter, who was at a recreation center near a bridge accessible by water. After picking up Mayer's daughter, they encountered a severe thunderstorm.  Mayer attempted to avoid the storm by heading into the Gulf of Mexico.  He ran north for a couple of miles but decided it would be safer to operate the boat in the Intercoastal Waterway (ICW). Witnesses confirmed that the storm was severe with driving rain and lightning.  Witnesses also mentioned they saw a white boat passing by and saw jet skiers zigzagging in the vicinity of the accident. A video surveillance camera also picked up a white boat in the vicinity of the accident.

As Mayer operated the Vessel in the ISC, the Vessel collided with something. Mayer turned his Vessel around to investigate and found the decedent's friend holding the decedent on a jet ski. Mayer immediately called 911 and jumped into the water to render aid. Mayer and one

---

[1]       A "wrap" is an adhesive film applied to the hull and is used to protect and customize the hull.

of his passengers brought the decedent onto the Vessel and travelled to a nearby marina where they met law enforcement and an ambulance. The decedent's friend told law enforcement that his friend had been hit by a "white boat" and asked law enforcement to get the person who ran over his friend. He further advised law enforcement that Mayer's Vessel stopped to help and whoever ran over his friend did not come back. No witnesses saw what happened.

Mayer was charged with Boating Under the Influence and Vessel Homicide. A trial was held in Pinellas County from May 1 through 8, 2023. Mayer was acquitted of BUI but convicted of Vessel Homicide. Thereafter, Mayer was sentenced to 9.5 years and is presently incarcerated. On September 22, 2023, Mayer filed a Notice of Appeal with the Second District Court of Appeal which bears case no. 2D23-2071. The appeal is presently pending.

On August 10, 2020, counsel appointed by the insurance company to represent the defendants, James Charters and Mayer, initiated a Limitation of Liability Action in the United States District Court for the Middle District of Florida, Case No. 8:20-cv-1859-CEH-JSS (hereinafter "Limitation Action"). Notably, the Limitation Action has been stayed pending the conclusion of the criminal proceedings.

Plaintiff National filed the instant Declaratory Judgment Action seeking a declaration that there is no insurance coverage for the boating accident. There are essentially three grounds for the denial. The most important is that the boating accident is excluded as "willful, intentional, or underlined criminal activity." Obviously, the accident was not willful or intentional. The second is the failure to wear an ignition interruption switch. The third is failing to cooperate with the insurance company in the defense of the case. The latter two technical defenses should not be a basis for denial. Thus, the sole issue in this case relates to Mayer's criminal conviction.

It is well settled that a court has the authority to stay an action pending the outcome of criminal proceedings. *Parker v. Dawson*, 06-CV-6191 JFB WDW, 2007 WL 2462677, at *3 (E.D.N.Y. Aug. 27, 2007) (citing *Kashi v. Gratsos,* 790 F.2d 1050, 1058 (2d Cir.1986) ("[A] court may decide in its discretion to stay civil proceedings ... when the interests of justice seem ... to require such action.")).To determine whether a stay is appropriate, the following factors are generally considered:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the public interest; and (6) the interest of the Court in the efficient management of cases.

The facts here warrant a stay of this civil action.

"The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Volmar Distrib., Inc. v. New York Post Co., Inc.,* 152 F.R.D. 36, 39 (S.D.N.Y.1993). Where the criminal and civil actions involve the same matters, this factor weighs in favor of a stay, because denial of the stay "might undermine [the defendants] Fifth Amendment privilege against self-incrimination,... expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the [criminal] case." *Parker v. Dawson* at *4 (internal citations omitted).

Page 3

The issue in this case is whether the subject insurance policy excludes criminal acts and whether Mayer's criminal conviction (if it is upheld) for vessel homicide under Florida law is a criminal act which triggers the exclusion.  Clearly, the issues in the criminal and civil proceedings are related.  Mayer cannot provide testimony regarding the accident and risk waiving his 5th amendment right from self-incrimination. Pending the ongoing criminal appeal in Florida, Mayer is thus unable to defend himself and prosecute his counterclaims.

The criminal and civil claims significantly overlap as the key factual issues in this case are: (1) whether Mayer committed a criminal act that constitutes an exclusion under the applicable insurance contract; (2) whether Mayer (by not providing National with statements based on his right not to incriminate himself) failed to cooperate.  Therefore, the most important factors to be considered when deciding to stay this case are satisfied. *See Parker v. Dawson* at *4 (finding the overlap factor was met where the "the wrongful conduct alleged in the civil actions [was] a subset of that alleged in the criminal action," and denial of the stay "might undermine [Dawson's] Fifth Amendment privilege against self-incrimination, ... expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the [criminal] case.").

Defendants' interest in staying these civil proceedings outweighs any interest Plaintiff has in proceeding.  There is no prejudice to the Plaintiff if this case is stayed pending appeal of Mayer's criminal conviction.  The criminal appeal should be resolved within six to eight months.  The Limitation Action is stayed so the Plaintiff is not expending legal fees defending Limitation Action. On the other hand, Mayer will be prejudiced if this matter is not stayed, as he will not be able to properly defend himself and prosecute his counterclaims in this case.  Moreover, if this Court determines that the criminal act exclusion applies before the criminal appeal is resolved, and Mayer's conviction is later reversed, it would be a waste of judicial resources.

Because the determination of whether a criminal act exists sufficient to trigger an exclusion in the insurance policy is dependent upon the outcome of Defendant Mayer's pending appeal, it would be in the interest of judicial economy to stay this case pending the outcome of the criminal appeal.

### Conclusion

Accordingly, Defendants respectfully request that this Court stay this case pending the outcome of Mayer's criminal appeal.

Respectfully submitted,

*/s/ Gary D. Sesser*
Gary D. Sesser (GS7706)

cc:  James Mercante, Esq.
Richard Gonzalez, Esq.
Gallo Vitucci Klar LLP
Attorneys for Plaintiff
National Specialty Insurance Company