UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
NATIONAL SPECIALTY INSURANCE :
COMPANY, :
:
                                  Plaintiff, :      24-cv-3625 (VSB)
:
                -against- :      **ORDER**
:
JAMES GANG CHARTERS, LLC and :
JESSE MAYER, :
:
                            Defendants. :
:
------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

       On September 24, 2024, Defendants James Gang Charters, LLC and Jesse Mayer (collectively, "Defendants") requested a stay in the instant case pending the appeal of Jesse Mayer's criminal conviction pending in Florida. *See State of Florida v. Jesse James Mayer*, No. 19-10939-CF (Fla. Dist. Ct. App. 2023). On October 5, 2024, Plaintiff National Specialty Insurance Company informed this Court of their consent to the requested stay. On October 9, 2024, I stayed the case pending the outcome of the criminal appeal. (Doc. 24.) After Plaintiff informed the Court that Mayer's criminal conviction had been affirmed on appeal, (Doc. 28), I lifted the stay of this case on May 16, 2025, (Doc. 29). Defendants now seek a continuation of the stay for the duration of the post-appeal relief process, which they estimate will be resolved within four to six weeks if Mayer's motions are denied. (Doc. 30.)

       "[A] court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) (internal quotations omitted). "In deciding whether to enter a stay, courts in this district

generally consider: the interests of the defendant, the interests of the plaintiffs in proceeding with the litigation, the public interest, and the interests of the court and third parties." *Travelers Cas. & Sur. Co. v. Vanderbilt Grp., LLC*, No. 01-cv-10695, 2002 WL 844345, at *2 (S.D.N.Y. May 2, 2002).  Courts also look to the degree to which the civil issues overlap with the criminal issues.  *See Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

Here, there is a high degree of overlap between the criminal and civil claims as they both arise out of the same boating accident.  Given that Defendants represent that their post-appeal relief motions will be resolved quickly, I find that there is no significant prejudice in continuing the stay for a brief additional period to resolve the criminal appeal process.  I find that the interests of justice require a stay of this case pending the outcome of the post-appeal relief sought in *State of Florida v. Jesse James Mayer*, No. 19-10939-CF.

It is hereby:

ORDERED that this action is stayed, and it is further

ORDERED that the deadline set in my May 16, 2025 Order is hereby ADJOURNED sine die, and it is further

ORDERED that the parties shall file a joint letter noting the status of the post-appeal relief on July 28, 2025, and every 60 days thereafter.

Dated: May 28, 2025
      New York, New York

Vernon S. Broderick
United States District Judge