UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                       :

NATIONAL SPECIALTY INSURANCE    :
COMPANY,    :
    :
              Plaintiff,    :              24-cv-3625 (VSB)
    :
          -against-    :             **ORDER**
    :
JAMES GANG CHARTERS, LLC and    :
JESSE MAYER,    :
    :
            Defendants.  :
    :
-------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

        On October 31, 2025, Defendants James Gang Charters, LLC and Jesse Mayer

(collectively, "Defendants") requested a stay in the instant case pending a motion to vacate Jesse

Mayer's criminal conviction pending in Florida based on ineffective assistance of counsel.  (Doc.

30.)  Defendants explain that a separate civil suit in Florida that is currently stayed turns on the

resolution of this motion and the outcome of the motion will directly impact the arguments they

intend to put forward in this matter.  (*Id.*)

        "[A] court may decide in its discretion to stay civil proceedings when the interests of

justice seem to require such action."  *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986)

(internal quotations omitted).  "In deciding whether to enter a stay, courts in this district

generally consider: the interests of the defendant, the interests of the plaintiffs in proceeding with

the litigation, the public interest, and the interests of the court and third parties."  *Travelers Cas.*

*& Sur. Co. v. Vanderbilt Grp., LLC*, No. 01-cv-10695, 2002 WL 844345, at *2 (S.D.N.Y. May 2,

2002).  Courts also look to the degree to which the civil issues overlap with the criminal issues. *See Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

Here, there is a high degree of overlap between the criminal and civil claims as they both arise out of the same boating accident.  The same factors that counseled in favor of the stay I previously granted until the resolution of Defendant Mayer's criminal appeal, (Doc. 24), counsel in favor of a stay pending the resolution of Defendant Mayer's motion to vacate his underlying conviction for ineffective assistance of counsel.

It is hereby:

ORDERED that this action is stayed, and it is further

ORDERED that the deadlines set in my August 25, 2025 Order are hereby ADJOURNED sine die, and it is further

ORDERED that the parties shall file a joint letter noting the status of Defendant Mayer's motion to vacate on January 9, 2026, and every 60 days thereafter.


Dated:  November 10, 2025
        New York, New York


Vernon S. Broderick
United States District Judge